**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO JAVIER PALACIO, a.k.a. Francisco Palacio Quintana, a.k.a. Julio Salinas, a.k.a. Julio Carranza Salinas,<br><br>        Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 12-72374<br><br>Agency No. A094-288-048<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Francisco Javier Palacio, a native and citizen of Nicaragua, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

Substantial evidence supports the agency's finding that Palacio failed to establish he suffered past persecution on account of a protected ground. *See Lin v. Holder*, 610 F.3d 1093, 1097 (9th Cir. 2010) (per curiam) (ordinary prosecution for criminal activity generally not persecution); *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *see also Lim v. INS*, 224 F.3d 929, 936-37 (9th Cir. 2000) (unfulfilled threats, without more, generally do not constitute past persecution). Further, substantial evidence supports the agency's finding that Palacio did not establish a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). We do not consider the 2010 State Department *Country Report on Human Rights Practices* for Nicaragua referenced in Palacio's opening brief. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir.

1996) (en banc) (this court's review is limited to the administrative record). Accordingly, Palacio's asylum claim fails.

Because Palacio failed to meet the lower burden of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of CAT relief because Palacio failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Nicaragua. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we reject Palacio's contention that the agency's decisions violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**